Estate of Andrew H. Blass, Florence F. Blass, Executrix v. Commissioner.
Estate of Andrew H. Blass, Blass v. Commissioner
Docket No. 31655.
United States Tax Court
1952 Tax Ct. Memo LEXIS 172; 11 T.C.M. (CCH) 622; T.C.M. (RIA) 52194; June 16, 1952
*172 Code Section 1000: Gift tax. - Profits earned by wife and trusts held not the subject of a gift from decedent-husband even though the profits be taxable to him. John C. Reid, Esq., 306 Southern Bldg., Washington, D.C., for the petitioner. Roy E. Graham, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion The respondent has determined for the calendar year 1942 a deficiency of $11,079.84 in the gift tax liability of the decedent Andrew H. Blass, and a penalty of $2,769.96 for failure without reasonable cause to file a timely gift tax return. The petitioner denies the alleged gifts and in the alternative contends that if the gifts were made, the respondent erred in determining that the decedent's failure *173 to file a gift tax return was not due to reasonable cause. Findings of Fact The decedent, Andrew H. Blass, died November 19, 1945, a resident of Mt. Lebanon, Pennsylvania. His widow, Florence F. Blass, the duly qualified executrix of his estate, the petitioner herein, resides at 16 Rocklyn Place, Mt. Lebanon, Pennsylvania. In 1937, the decedent created a trust for the benefit of each of his three children and named as trustee his wife, Florence F. Blass (hereinafter referred to as Mrs. Blass). The decedent filed a gift tax return reporting the creation of the trusts. During the year in question, the corpus of each trust contained property worth at least $25,000 and Mrs. Blass, in her individual capacity, owned property worth at least $20,000. The decedent was a certified public accountant and financial consultant. During the 1920's and early 1930's he operated a school of accountancy in Pittsburgh. In the late 1930's, he sold his accountancy school and thereafter devoted most of his time to acting as a financial consultant, for which he received fees. One of his clients was Laird & Company of Scobeyville, New Jersey, one of the nation's two principal manufacturers of apple *174 brandy. In July, 1942, or shortly before, a business broker informed the decedent that there was a prospect of purchasing the assets of the Hildick Products Corporation (hereinafter referred to as Hildick), the nation's other leading manufacturer of apple brandy. Hildick's principal distillery was in Lyons, New York. The decedent discussed the prospect with Mrs. Blass and suggested that she, in her individual capacity and as trustee of the trusts for the benefit of their three children, employ an agent to investigate whether a profit could be realized on the purchase and sale of the assets. At that time neither the decedent nor his wife knew whether a profit could be made on such a transaction. In July, 1942, Mrs. Blass, acting individually and as trustee of the trusts for the benefit of the children, employed an attorney to represent her in negotiations for the purchase and sale of the Hildick assets. The decedent referred the attorney to a Mr. Sachs, head of a finance company which agreed to finance the venture. Mr. Sach's wife (hereinafter referred to as Mrs. Sachs) in her capacity as trustee of three trusts for the Sach's children, was allowed to participate in the venture. *175 In a letter dated August 15, 1942, addressed to the attorney and signed only by Mrs. Blass and Mrs. Sachs, the terms and conditions of the attorney's agency were formally stated in writing. No substantial sum of money or property was invested in the purchase of the Hildick assets by Mrs. Blass in her individual capacity or as trustee, or by Mrs. Sachs as trustee. Most of the funds were supplied by the finance company headed by Mrs. Sachs. The attorney devoted a substantial amount of his time negotiating with the Hildick representatives for the purchase of the assets and with the representatives of Laird & Company for the resale of some of the Hildick assets to Laird & Company. On August 26, 1942, a contract for the purchase of the Hildick assets by the attorney was executed. By December 28, 1942, a nominee corporation, to which the attorney had assigned the purchase contract and which in turn had issued to him all its capital stock, sold the Hildick inventories and certain other miscellaneous assets to Laird & Company for cash and notes and also leased the distillery at Lyons to Laird & Company. The nominee corporation served as agent and custodian for Mrs. Blass and Mrs. Sachs. *176 On February 25, 1943, Mrs. Blass, individually and as trustee, and Mrs. Sachs as trustee directed the nominee corporation to turn over to them, according to their beneficial interests, all assets acquired from Hildick and not previously disposed of. By resolution of its board of directors, the nominee corporation recognized that it had been acting as agent and custodian for Mrs. Blass, individually and as trustee, and Mrs. Sachs as trustee, and directed its officers to make the requested transfer. Pursuant to further instructions from Mrs. Blass and Mrs. Sachs on March 1, 1943, and by appropriate assignments and deeds, the nominee corporation transferred all its remaining properties to the beneficial owners, and such properties were then held by the attorney as agent and nominee for them. The nominee corporation thereafter was dissolved. On February 21, 1944, Mrs. Blass and Mrs. Sachs wrote the attorney stating that they had agreed as to the division of the property remaining in his hands and directing him to transfer to Mrs. Sachs, as trustee, the plant at Lyons, New York, under lease to Laird & Company, and to Mrs. Blass, individually and as trustee, a participating note of Laird *177 & Company, originally in the face amount of $85,000. In response to those instructions, the attorney endorsed and delivered the Laird note to Mrs. Blass, individually and as trustee. After that, the attorney's responsibilities and activities ceased. The attorney, acting as agent for Mrs. Blass and Mrs. Sachs, paid $20,000 to the decedent as compensation for his assistance in discovering the business opportunity and the means of financing it. After he was employed as agent for Mrs. Blass, the Blass trusts and the Sachs trusts, the attorney, either individually or acting through the nominee corporation, carried on all negotiations (with the occasional assistance of Sachs, representing the finance company), took title to and received all property purchased from Hildick, carried out the liquidation or sale of the Hildick assets, paid the expenses of the venture, and distributed the profits directly to his principals. Mrs. Blass, the Blass trusts, and the Sachs trusts. The decedent at no time received, or had a right to receive, any of the assets of Hildick or any of the profit derived from the sale and liquidation of the Hildick assets. The first distribution of cash or other property *178 by the attorney or the nominee corporation to Mrs. Blass and Mrs. Sachs occurred on March 15, 1943, when $60,000 was distributed as follows: Mrs. Blass,
Mrs. Sachs,
Mrs. Blass
Trustee
Trustee
$7,500
$22,500
$30,000
Profits resulted from the sale of the Hildick assets during the years 1942, 1943, 1944, and 1945. Partnership returns were filed by Mrs. Blass and Mrs. Sachs reporting such profits and indicating that they were distributable to the following persons in the following proportions: Florence F. Blass
12 1/2%
Florence F. Blass, Trustee for
Stephen A. Blass
12 1/2%
Florence F. Blass, Trustee for
Sally E. Blass
12 1/2%
Florence F. Blass, Trustee for
Shirley E. Blass
12 1/2%
Estelle D. Sachs, Trustee for
Nina Sachs
16 2/3%
Estelle D. Sachs, Trustee for
David Sachs
16 2/3%
Estelle D. Sachs, Trustee for
Michael Sachs
16 2/3%
Mrs. Blass, individually and as trustee, filed income tax returns for the years 1942, 1943, 1944, and 1945, reporting as taxable to her and to the trusts the income distributable to her and to the trusts from the sale of the assets of Hildick Products Corporation, and paid income tax thereon. *179 Income from this source reported by Florence F. Blass, individually and as trustee, was as follows: 1942
1943
1944
1945
Florence F. Blass
$14,123.13
$ 5,310.86
$ 7,083.26
$ 5,902.71
Florence F. Blass, Trustee
for Sally Blass
14,123.13
5,310.86
7,083.35
5,902.81
for Shirley Blass
14,123.14
5,310.86
7,083.37
5,902.81
for Stephen Blass
14,123.14
5,310.85
7,083.37
5,902.81
$56,492.54
$21,243.43
$28,333.35
$23,611.14
Income from this source as corrected by the examining agent was as follows: 1942
1943
1944
1945
Florence F. Blass
$14,280.43
$ 6,684.83
$ 7,083.26
$ 5,902.71
Florence F. Blass, Trustee
for Sally Blass
14,280.43
6,684.83
7,083.26
5,902.81
for Shirley Blass
14,280.43
6,684.83
7,083.26
5,902.81
for Stephen Blass
14,280.42
6,684.83
7,083.26
5,902.81
$57,121.71
$26,739.32
$28,333.04
$23,611.14
In the taxable year 1942, the decedent did not make a gift of $82,832.59, or any similar sum, to Mrs. Blass or the three trusts created for the benefit of the Blass children. Opinion ARUNDELL, Judge: The issue before us is whether the profits earned from the purchase and *180 sale of certain business assets during the years 1942 through 1944 by the decedent's wife, Mrs. Blass, and three trusts created for the benefit of their children, were in 1942 the subject of a taxable gift from the decedent to his wife and the trusts. Section 1000, Internal Revenue Code. The respondent argues that the income realized from the transaction set forth in our findings was taxable to the decedent under the principles of Helvering v. Clifford, 309 U.S. 331, and Helvering v. Horst, 311 U.S. 112, and the broad sweep of section 22(a) of the Internal Revenue Code. But, if we assume that this is so and treat the income as taxable to the decedent, it does not follow that the income so taxed was property that could be made the subject of a gift by the decedent. Congress derives its power to levy income taxes from the Sixteenth Amendment, and its exercise of that power is not to be questioned so long as it does not go beyond the granted authority. The control of income rather than the ownership of it has frequently been the basis for the imposition of the tax. The gift tax levy is an excise on the passage *181 of the property from the donor to the donee measured by the value of the property given. The income in question that the respondent would make the subject of a gift tax was, when it was received, the property of the trusts and Mrs. Blass, and was not the property of the decedent although, under the principles we have stated, it may well have been attributed to him for income tax purposes. The question before us, we think, has been decided in the case of Hogle v. Commissioner, 165 Fed. (2d) 352, affirming, James A. Hogle, 7 T.C. 986, wherein it was held that earnings from a margin account of two trusts which had been judicially determined to be taxable income of the taxpayer Hogle were not the subject of a gift from Hogle to the trusts. In affirming our decision, the Circuit Court of Appeals for the Tenth Circuit stated, pp. 353-354: "Hogle could give or withhold his personal services in carrying on trading on margin for the trusts. He could not withhold from the trusts any of the income accruing from trading on margin. How could he give what he could not withhold? There was no transfer directly or indirectly from Hogle to the trusts of title to, or other *182 economic interest in, the income from trading on margin, having the quality of a gift. In short, there was no transfer directly or indirectly by Hogle to the trusts of property or property rights." The legal title to the profits earned in the purchase and sale of the Hildick assets was never in the decedent and the profits were never transferred by him directly or indirectly to Mrs. Blass or the trusts either in 1942 or any other year. It follows that there was no gift of the profits from the decedent to Mrs. Blass or the trusts and the proposed levy must fail. Since there is no deficiency in the decedent's gift tax liability for the taxable year 1942, there can be no addition for failure to file a gift tax return for that year. Decision will be entered for the petitioner.